MYERS, J.,
 

 for the Court:
 

 ¶ 1. Tommy Stewart appeals from the judgment that convicted and sentenced him for the crimes of aggravated assault and shooting into a dwelling, which was entered by the Lincoln County Circuit Court following a jury trial commenced on July 15, 2010. Stewart is represented on appeal by the Mississippi Office of Indigent Appeals, which asserts that there are no arguable issues supporting Stewart’s appeal. Finding that no issue has been raised before this Court, we affirm Stewart’s convictions and sentences.
 

 FACTS AND PROCEEDINGS
 

 ¶ 2. The trial court allowed Stewart to represent himself at trial, with the assistance of court-appointed counsel, after the trial court made an on-the-record determination that Stewart’s decision to do so was made knowingly and intelligently.
 

 ¶ 3. Curtis Jackson testified at trial that on October 29, 2008, at approximately 6:30
 
 *81
 
 p.m., he was standing outside his aunt’s apartment, located at 220 Smith Street, Brookhaven, Mississippi. Curtis was there with his sister, Tonja Jackson, who was inside the apartment at the time visiting with their aunt.
 

 ¶ 4. While Curtis was waiting on his sister to return, Stewart drove up in a white Ford Explorer and made a comment to Curtis about some money that Curtis’s cousin owed him. Curtis told Stewart that he did not know anything about it.
 

 ¶ 5. Stewart drove away and reappeared on foot a few moments later with a pistol in his hand. Stewart pointed the pistol at Curtis and stated, “Somebody gonna pay me.” Stewart fired several rounds from the pistol in Curtis’s direction.
 

 ¶ 6. None of the bullets struck Curtis. One of the bullets went through the kitchen window of J.W. Bryant’s apartment, a nearby neighbor of Jackson’s aunt, where it came to rest in a wall located next to Bryant’s refrigerator. Bryant was inside his apartment at the time cooking dinner. Two bullets struck Tonja’s vehicle.
 

 ¶ 7. Tonja testified that after she heard the shots, she looked out of her aunt’s window and saw her brother lying on the ground, and she saw another individual running from the scene. Tonja immediately ran outside to check on her brother. Curtis told her that he was all right. The two then got into Tonja’s vehicle and drove to their grandmother’s house, located just around the corner, where Tonja called the police.
 

 ¶ 8. On cross-examination, it was revealed that Tonja had seen and spoken to Stewart earlier in the day on October 29, when she made an attempt to “diffuse the situation” that eventually led to the shooting incident later that evening. Tonja testified that she also spoke to Stewart a few times after the October 29 incident, when Stewart came to her house and apologized to her for what had happened and offered to pay for the damage done to Tonja’s vehicle.
 

 ¶ 9. A jury found Stewart guilty of Count I, aggravated assault, and Count II, shooting into a dwelling. On Count I, the trial court sentenced Stewart to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years to serve, ten years suspended, and five years of post-release supervision. On Count II, the trial court sentenced Stewart to five years in the custody of the MDOC. The trial court ordered both counts to run consecutively.
 

 DISCUSSION
 

 ¶ 10. Stewart’s appellate counsel, W. Daniel Hinchcliff, stated in his brief that in accordance with
 
 Lindsey v. State,
 
 939 So.2d 743, 748 (¶ 18) (Miss.2005), he diligently searched the procedural and factual history of the case, but he was unable to find any arguable issue to present to this Court. Counsel informed Stewart accordingly, and he advised Stewart of his right to file a pro se brief. Out of caution, this Court entered an order giving Stewart until February 14, 2011, to file a pro se brief in support of his appeal. The deadline has passed, and Stewart has not filed a brief.
 

 ¶ 11. We have reviewed the record in accordance with the dictates set forth in
 
 Lindsey.
 
 In
 
 Lindsey,
 
 the Mississippi Supreme Court set forth the procedure “to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client’s case presents any arguable issues on appeal[.]”
 
 Id.
 
 First, appellate counsel “must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7)[J”
 
 Id.
 
 Second, counsel must certify in his or her brief that:
 

 
 *82
 
 there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
 

 Id.
 
 Third, counsel must send a copy of his brief to the defendant, inform the defendant that counsel could not find any arguable issues, and advise the client of the right to file a pro se brief.
 
 Id.
 
 Fourth, the appellate court will determine, based on its review of the record and any pro se brief filed, if there is any arguable issue.
 
 Id.
 
 If so, the court will require appellate counsel to submit supplemental briefing on that issue, “regardless of the probability of the defendant’s success on appeal.”
 
 Id.
 
 Last, “[o]nce briefing is complete, the appellate court must consider the case on its merits and render a decision.”
 
 Id.
 

 ¶ 12. We find no issue in the record warranting supplemental briefing, and we find no reversible error. Therefore, we affirm Stewart’s convictions and sentences.
 

 ¶ 13. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS, WITH TEN YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION; AND COUNT II, SHOOTING INTO A DWELLING, AND SENTENCE OF FIVE YEARS, WITH THE SENTENCES IN COUNTS I AND II TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.